IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JANICE WOOD AND JEFF MARGHEIM | § § § | |
| PLAINTIFFS, | § § | |
| | § | CAUSE NO. 16-928 |
| v. | § § | |
| NORTH TEXAS TOLLWAY AUTHORITY, | § § § | JURY TRIAL DEMAND |
| DEFENDANT. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, Janice Wood and Jeff Margheim, and file this Original Complaint against the Defendant North Texas Tollway Authority ("NTTA"), seeking actual damages, statutory damages, attorneys' fees, and other relief for NTTA's willful violations of the bankruptcy discharge injunction by seeking to collect pre-petition debts during and after Plaintiffs' bankruptcy, as follows:

I.

## INTRODUCTION

1. On December 4, 2013 Plaintiffs filed bankruptcy in order to address their increasingly hopeless financial distress, believing that by doing so they would receive a "fresh start" by virtue of the provisions of the Bankruptcy Code that provide for a stay while the bankruptcy is pending and a discharge injunction once the case has been completed. However, the North Texas Tollway Authority continued in its relentless attempts to collect on Plaintiffs' pre-petition debts, even going so far as to refer Plaintiff Janice Wood to the District Attorney's

office for criminal prosecution and threatening to impound Plaintiffs' only vehicle. Even after Plaintiffs' counsel informed the NTTA's representatives of Plaintiffs' bankruptcy discharge, the NTTA obstinately continued in its attempts to collect from Plaintiffs. The NTTA's complete and utter disrespect for the Bankruptcy Code and discharge injunction reflects the intolerable hubris of this quasi-governmental entity in its dealings with individual consumers like Plaintiffs.

## II.

## PARTIES

2. Plaintiffs are individuals that reside in the City of Allen, Collin County, and State of Texas.

3. Defendant North Texas Tollway Authority (the "NTTA") is a political sub-division of the State of Texas, organized under Chapter 366 of the Texas Transportation Code. The NTTA may be served with process by serving its CEO/Executive Director, Gerry Carrigan, at 5900 West Plano Parkway, Plano, Texas 75093.

## III.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question jurisdiction). The Court also has jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1331 (supplemental jurisdiction).

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to Plaintiffs' claims occurred in this district.

## IV.

## **FACTUAL ALLEGATIONS**

6. The allegations in the paragraphs above are re-alleged and incorporated herein by this reference.

7. On December 4, 2013, the Plaintiffs filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Texas Sherman Division, Case No. 13-42911. Exhibit 1.

8. At the time Plaintiffs filed for bankruptcy, they had incurred a debt to the NTTA of approximately $26,000.00 in unpaid tolls, fees, and charges. However, the Plaintiffs' debt to the NTTA was inadvertently not listed on the Plaintiffs' initial bankruptcy schedules.

9. Defendant NTTA did not file a proof of claim or otherwise participate in Plaintiffs' Chapter 13 bankruptcy case. Exhibit 2.

10. On January 22, 2014, Plaintiffs filed a notice of conversion, converting their Chapter 13 bankruptcy to a Chapter 7. Exhibit 3.

11. Plaintiffs filed conversion schedules on February 17, 2014, which listed a debt to the NTTA in the amount of $26,062.24. Exhibit 4.

12. Plaintiffs received their Chapter 7 discharge on May 15, 2014. Exhibit 5.

13. Upon information and belief, the NTTA received notice of Plaintiffs' discharge through Plaintiffs or Plaintiffs' bankruptcy counsel. Attached hereto as Exhibit 6 is an August 14, 2014 letter from the NTTA to Plaintiffs requesting additional information about their bankruptcy.

14. Despite having knowledge of Plaintiffs' bankruptcy discharge, the NTTA continued to relentlessly demand amounts that were discharged through Plaintiffs' Chapter 7 bankruptcy by regularly sending invoices that demanded tolls and administrative fees that were incurred prior to the conversion of Plaintiffs' Chapter 7 bankruptcy case.  Further, the NTTA referred Plaintiffs' account to a collection agency, Southwest Credit Systems, L.P., for collection.

15. Upon information and belief, the NTTA sent Plaintiffs notices demanding that Plaintiffs pay pre-petition tolls on January 10, 2014, February 21, 2014, May 21, 2014, July 28, 2014, August 27, 2014, October 27, 2014, and November 27, 2014.

16. In addition to sending regular invoices, the NTTA referred Plaintiff Janice Wood to the Collin County District Attorney's office for criminal charges relating to Plaintiffs' failure to pay discharged tolls.

17. On or about December 9, 2014, Plaintiff Janice Wood received a notice from the Collin County Constable's Office that a warrant had been issued for her arrest for failure to pay tolls.  <u>Exhibit</u> <u>7</u>.

18. Pursuant to 11 U.S.C. § 524, Plaintiffs' Chapter 7 bankruptcy had discharged all of their debt to the NTTA, except for the portion of the NTTA's claim that constitutes a fine, penalty, or forfeiture, which are excluded from discharge pursuant to 11 U.S.C. § 523(a)(7).  The vast majority of the debt the NTTA sought to collect from Plaintiffs post-petition was not subject to 11 U.S.C. § 523(a)(7)'s exception.  As such, Plaintiffs were extremely surprised, confused, and distraught by the notice of the pending arrest warrant.

19. Further, Plaintiff Janice Wood experienced anxiety as a direct result of the issuance of the arrest warrant that was so severe that she was afraid to leave her home for fear of arrest and impoundment of their vehicle.

20. Plaintiffs have only one car, and impoundment of their family vehicle would severely impact Plaintiffs' ability to get to work and could, potentially, result in loss of income.

21. On or about December 12, 2014, Plaintiffs' counsel contacted the Justice Court to inform the court of Plaintiffs' Chapter 7 bankruptcy discharge and to request that the arrest warrant be recalled. After speaking with the Justice Court, Plaintiffs' counsel faxed a letter of representation to the court's clerk. Exhibit 8.

22. Shortly thereafter, the Justice Court recalled the warrant for Plaintiff Janice Wood's arrest. Exhibit 9. However, the Justice Court could not dismiss the criminal charges filed on behalf of the NTTA.

23. On or about December 16, 2014, Plaintiffs received an invoice from the NTTA demanding $1,858.79 in tolls, fees, and other charges, the vast majority of which were discharged by Plaintiffs' Chapter 7 bankruptcy. Exhibit 10.

24. Also on or about December 16, 2014, Plaintiffs received a letter from the NTTA informing Plaintiffs that their toll tag had reached a negative balance and would no longer be valid. Exhibit 11.

25. On or about January 26, 2015, the Justice Court set a mandatory pre-trial hearing for February 25, 2015, regarding the pending criminal charges against Plaintiff Janice Wood for failure to pay tolls. Exhibit 12.

26.     Plaintiffs' counsel attended the February 25, 2015 pre-trial hearing in Frisco, and attempted to discuss the impact of Plaintiffs' bankruptcy discharge on Plaintiffs' responsibility to pay the tolls with the Collin County prosecutors.  The prosecutors informed Plaintiffs that the charges related to a violation that occurred on December 2, 2012, that was referred to the prosecutor's office in October of 2014, well after Plaintiffs received their Chapter 7 discharge.

27.     Plaintiffs' counsel requested that the charges against Ms. Wood be dismissed due to the fact that the unpaid toll that was the basis for the charges against her was discharged.  The prosecution refused to dismiss the charges, but agreed to reschedule the hearing to allow Plaintiffs time to hire criminal counsel to handle the matter.  Exhibit 13.

28.     Plaintiffs were forced to hire criminal counsel to handle the matter and incurred attorneys' fees as a result.

29.     Further, due to the prosecution's refusal to drop the charges against Ms. Wood, Plaintiffs were required to pay a fine in the amount of $280.00 to fully resolve the criminal matter.

30.     Upon information and belief, the NTTA failed and/or refused to appropriately adjust Plaintiffs' account at that time, even after repeated discussions with Plaintiffs' counsel regarding Plaintiffs' discharge.

31.     On March 9, 2015, Plaintiffs' counsel sent a letter to the NTTA requesting "an itemized list of all fees and charges you contend are due and owing, including the date each amount was assessed to the debtors' account and a description of the charge."  Exhibit 14.

32.     On or about March 16, 2015, Plaintiffs' counsel received a response from the NTTA.  Exhibit 15.  The NTTA's records still showed $1,908.79 in tolls, fees, and other charges

relating to license plate number DD6N556 and $26,062.24 in tolls, fees, and other charges relating to license plate number Y90TRD as due and owing from the Plaintiffs. *See id.*

33. All of the $26,062.24 and the vast majority of the $1,908.79 were discharged in Plaintiffs' bankruptcy.

34. On or about March 25, 2015, Plaintiffs received an invoice from the NTTA demanding $1,908.79 from Plaintiffs. Exhibit 16. The March 25, 2015 invoice demanded amounts that were discharged in Plaintiffs' bankruptcy. *See id.*

35. On or about May 25, 2015, Plaintiffs received an invoice from the NTTA demanding $1,908.79 from Plaintiffs. Exhibit 17. Again, the May 25, 2015 invoice demanded amounts that were discharged in Plaintiffs' bankruptcy. *See id.*

36. On or about June 3, 2015, Plaintiffs received a notice from the NTTA informing Plaintiffs that the NTTA had determined that Plaintiffs were habitual violators, and Plaintiffs were now subject to certain penalties, including vehicle registration block, an order preventing use of the NTTA toll highway, bridges, and tunnels, and impoundment of Plaintiffs' vehicle. Exhibit 18. The notice also stated that Plaintiffs owed the NTTA $1,733.79 in unpaid tolls and administrative fees as of the date of the notice. *See id.*

37. On July 9, 2015, Plaintiffs' counsel sent a letter to the NTTA disputing its designation of Plaintiffs as habitual violators. Exhibit 19. Plaintiffs' counsel again informed the NTTA of the Plaintiffs' Chapter 7 bankruptcy and discharge, and requested that the NTTA cease and desist all collection activities with respect to the discharged amounts. *See id.*

38. Upon information and belief, the NTTA failed and/or refused to appropriately adjust Plaintiffs' account at that time, despite yet another request from Plaintiffs' counsel that it do so.

39. On or about November 9, 2015, Plaintiffs received a notice of vehicle ban order and intent to impound, which banned Plaintiffs from using any toll roads, lanes, etc. owned and operated by the NTTA. Exhibit 20. The notice also states that Plaintiffs could be subject to a vehicle registration block, issuance of a traffic citation or arrest for operating a vehicle in violation of the order, prosecution for a Class C misdemeanor, and/or the impoundment of their vehicle after a second violation. *See id*. The notice also urges Plaintiffs to contact the NTTA to settle their account in order to avoid these penalties. *Id*.

40. On December 4, 2015, Plaintiffs' counsel, yet again, sent a letter to the NTTA regarding Plaintiffs' bankruptcy filing and requesting that the NTTA adjust Plaintiffs' account. Exhibit 21.

41. Upon information and belief, the NTTA has, finally, adjusted its accounting for Plaintiffs' account relating to license plate number DD6N556, but Plaintiffs cannot tell if the adjustments are correct or if the NTTA has lifted the notice of vehicle ban. Further, Plaintiffs do not know if the NTTA has made any adjustments to their account relating to license plate number Y90TRD.

42. Upon information and belief, the NTTA's behavior towards the Plaintiffs in this case is reflective of the NTTA's pattern and practice to ignore the mandates of the Bankruptcy

Code and Rules and its outright refusal to actively participate in, or even acknowledge, its customers' bankruptcies.[1]

43.     Plaintiffs were informed and believed that filing for bankruptcy would provide them with a fresh start, and prevent their creditors from harassing them and attempting to collect discharged debts.  The actions of the NTTA has caused Plaintiffs to lose faith in their attorneys and the bankruptcy system.

44.     As a direct result of NTTA's actions, Plaintiffs have been damaged:  Plaintiffs have been forced to incur attorneys' fees to defend the criminal prosecution and to try to correct the NTTA's accounting, they have suffered damages to their reputation as a result of the NTTA's conduct, they have lost opportunities due to the time they have been forced to devote to the NNTA's stopping illegal collection activities, and they have suffered extreme embarrassment, humiliation, anxiety, and emotional distress as a result of the NTTA's conduct.

45.     Plaintiffs have also incurred out-of-pocket expenses as a result of the NTTA's actions, including, but not limited to, payment of a criminal fine, mileage, and missed time at work to meet with attorneys and appear at proceedings related to the criminal prosecution.

46.     Plaintiffs have also suffered mental anguish and emotional distress damages as a direct result of the NTTA's conduct.  Plaintiffs have experienced severe anxiety, fear, and frustration that resulted in loss of sleep, severe mood swings, depression, and increased appetite and weight gain, among other things.

---

[1] Plaintiffs' counsel has represented at least three other NTTA customers that filed for bankruptcy. *See, e.g.*, Case No. 14-32516, *In re Catarino Perez Vecchio, Jr. and Rosa Hernandez Vecchio*, Case No. 13-44961 *In re Monica LaSalle Green*, and Case No. 14-42442, *In re Fabrienne Petia Curtis*.  In all three cases, the NTTA failed and/or refused to participate in the bankruptcy and continued to attempt to collect pre-petition amounts during the customers' bankruptcy in violation of the automatic stay.  Further, with respect to Ms. Fabrienne Curtis, the NTTA continued to attempt to collect pre-petition amounts even after Ms. Curtis received her Chapter 7 discharge.

## V.

## CAUSES OF ACTION

### COUNT I
### (VIOLATION OF THE DISCHARGE INJUNCTION)

47. The allegations in the paragraphs above are re-alleged and incorporated herein by this reference.

48. The NTTA's actions as described herein violated the discharge injunction of § 524(a)(2) of the Bankruptcy Code.

49. The NTTA had actual knowledge that Plaintiffs' debt had been discharged at the time it sent collection invoices to Plaintiffs, yet the NTTA continued to send Plaintiffs invoices demanding amounts for tolls and administrative fees and charges other than fines, penalties, and forfeitures, in an attempt to collect on Plaintiffs' discharged debt.

50. The NTTA also had actual knowledge that Plaintiffs' debt had been discharged at the time it referred Plaintiff Janice Wood's allegedly unpaid tolls to the Collin County District Attorney for prosecution, and even proceeded with the criminal prosecution after receiving additional notices from Plaintiffs' counsel that Ms. Wood's debt had been discharged by Plaintiffs' Chapter 7 bankruptcy, in an attempt to collect on Plaintiffs' discharged debt.

51. The NTTA also had actual knowledge that Plaintiffs' debt had been discharged at the time it threatened Plaintiffs with impoundment of their vehicle in an attempt to collect on their discharged debt.

52. Upon information and belief, the NTTA has no system or procedure in place for conducting a regular bankruptcy "scrub" of the accounts it collects prior to initiating collection efforts, or, in the alternative, that the NTTA failed to perform any bankruptcy "scrub" to

determine whether Plaintiffs' debt had been discharged prior to initiating collections on Plaintiffs' account.

53. As such, the NTTA's actions constitute gross and willful violations of the discharge injunction, entitling Plaintiffs to actual damages, including costs and attorneys' fees, and punitive damages, pursuant to 11 U.S.C. § 524 and 11 U.S.C. § 105.

## COUNT II
## (TEXAS DEBT COLLECTION ACT)

54. The allegations in the paragraphs above are re-alleged and incorporated herein by this reference.

55. The Plaintiffs are "consumers" as that term is defined by the Texas Debt Collection Act, set forth in Chapter 392 of the Texas Finance Code (the "TDCA").

56. The Plaintiffs' relationship with the NTTA arose out of a "consumer debt" as that term is defined in the TDCA.

57. The NTTA was and is a "debt collector" as that term is defined in the TDCA.

58. Under the provisions of the TDCA, the NTTA is prohibited from, among other things, attempting to collect the debt in a misleading or deceptive manner, § 392.304(a)(19).

59. The NTTA continued to attempt to collect on Plaintiffs' debts after they knew that Plaintiffs received a Chapter 7 discharge, and that such collection efforts were prohibited by federal law.

60. Further, Plaintiffs' injury resulted from the NTTA's gross negligence, which entitles Plaintiffs to exemplary damages pursuant to the Texas Civil Practice & Remedies Code § 41.003(a).

61. The NTTA willfully violated the TDCA and Plaintiffs are thus entitled to an injunction, their economic damages, exemplary damages, and attorneys' fees.

## COUNT III
## (ATTORNEYS' FEES)

62. The allegations in the paragraphs set forth above are re-alleged and incorporated herein by this reference.

63. Through the conduct described herein, the NTTA has inflicted actual damages upon Plaintiffs by threatening and attempting to collect Plaintiffs' discharged debts.

64. Moreover, Plaintiffs have been forced to retain legal counsel, both criminal and additional bankruptcy counsel, who have incurred reasonable and necessary attorneys' fees on their behalf. Such fees are properly taxed against the NTTA by virtue of its flagrant violations of the discharge injunction set forth in 11 U.S.C. § 524(a) of the Bankruptcy Code. Such attorneys' fees are also properly taxed against the NTTA pursuant to the Texas Debt Collection Act § 392.403(b) and the Texas Civil Practice and Remedies Code § 38.001.

## VI.

## REQUEST FOR DECLARATORY RELIEF

65. The allegations in the paragraphs set forth of this complaint are re-alleged and incorporated herein by this reference.

66. As outlined in the preceding counts and the preceding factual allegations, the NTTA has violated the Bankruptcy Code and Rules. Plaintiffs seek a declaration that the NTTA's collection attempts violated the Bankruptcy Code and Rules.

67. Plaintiffs seek a declaration that the NTTA has committed abuse of process and has engaged in contempt of the bankruptcy discharge injunction.

68. Plaintiffs are entitled to attorneys' fees and costs pursuant to the Federal Declaratory Judgment Act.

## VII.

## **REQUEST FOR INJUNCTIVE RELIEF**

69. The allegations in the paragraphs set forth above are re-alleged and incorporated herein by this reference.

70. As set forth above, the NTTA has completely ignored Plaintiffs' discharge, and are using unfair collection tactics to deny Plaintiffs of the fresh start the Bankruptcy Code provides to debtors that receive a Chapter 7 discharge.

71. Plaintiffs are entitled to an injunction barring the NTTA from further attempts to collect on their discharged tolls and related fees and administrative charges.

72. Title 11 U.S.C. § 105 of the Code grants power to the Court to remedy the NTTA's attempted collection of discharged debts. Section 105(a) allows the Court to exercise its equitable powers where necessary or appropriate to facilitate implementation of Code, including the granting of sanctions for contempt, injunctive relief, and monetary relief for actual damages, attorneys' fees and punitive damages. The TDCA also provides that the Court can issue an injunction, actual damage and attorneys' fees.

73. Therefore, Plaintiffs seek injunctive relief barring the NTTA from collecting or attempting to collect on Plaintiffs' discharged tolls and related fees and administrative charges, as well as an award of appropriate monetary sanctions, punitive damages, and payment of Plaintiffs' attorneys' fees and costs for the NTTA's violations as described herein.

# VIII.

## ACTUAL DAMAGES, STATUTORY DAMAGES, PUNITIVE DAMAGES AND SANCTIONS

74. The allegations in the paragraphs set forth above are re-alleged and incorporated herein by this reference.

75. Through the conduct described herein, the NTTA has inflicted actual damages upon Plaintiffs by attempting to collect, amounts not actually owed because of the Plaintiffs' Chapter 7 discharge.

76. Moreover, Plaintiffs have been forced to retain legal counsel, who have incurred reasonable and necessary attorneys' fees and costs on their behalf. Such fees and costs are properly taxed against the NTTA by virtue of its flagrant violations of the discharge injunction set forth in 11 U.S.C. § 524(a) of the Bankruptcy Code. Such attorneys' fees are also properly taxed against the NTTA pursuant to the Texas Debt Collection Act § 392.403(b) and the Texas Civil Practice and Remedies Code § 38.001.

77. As alleged above, the actions of the NTTA are reflective of a broader pattern and practice of completely disregarding the requirements of the Bankruptcy Code and Rules and failure to participate in its customers' bankruptcy cases.

78. Plaintiffs thus seek that the Court hold the NTTA in contempt, and impose all available statutory penalties, sanctions, injunctive and declaratory relief, and punitive damages in an amount sufficient to deter the NTTA from future misconduct.

## IX.

## **PRAYER**

WHEREFORE, the Plaintiffs, having set forth their claims for relief against the NTTA, respectfully prays of the Court as follows:

a. All actual and statutory damages, including attorneys' fees and costs (at trial and on appeal) to which Plaintiffs are entitled;

b. All compensatory damages to which Plaintiffs are entitled, including attorneys' fees and costs, and/or punitive damages and sanctions, for Defendants' actions described herein;

c. A declaration that the NTTA has committed abuse of process and engaged in contempt of the bankruptcy discharge injunction;

d. A preliminary and permanent injunction enjoining the NTTA from engaging in the conduct described herein;

e. An award of pre-judgment and post-judgment interest, as well as reasonable attorneys' fees and costs, pursuant the TDCA § 392.403(b) and the Texas Civil Practices and Remedies Code § 38.001; and

f. Such other and further relief as this Court may deem just and proper.

DATED: December 5, 2016

          Respectfully submitted,

          KELLETT & BARTHOLOW PLLC

          */s/ Theodore O. Bartholow, III ("Thad")*
          Theodore O. Bartholow, III ("Thad")
          Texas Bar No. 24062602

          Karen L. Kellett
          Texas Bar No. 11199520
          Caitlyn N. Wells
          Texas Bar No. 24070635
          Megan F. Clontz
          Texas Bar No. 24069703
          11300 N. Central Expy., Suite 301

Dallas, TX 75243<br>
Tel: (214) 696-9000<br>
Fax: (214) 696-9001<br>
thad@kblawtx.com