IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JANICE WOOD AND JEFF MARGHEIM, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-CV-00928 |
| | § | |
| NORTH TEXAS TOLLWAY AUTHORITY, | § | |
| | § | JURY TRIAL DEMANDED |
| *Defendants*. | § | |
| | § | |
| | § | |

## DEFENDANT'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

Defendant North Texas Tollway Authority ("NTTA" or "Defendant") files this answer to Plaintiffs' Original Complaint [Doc. 1], respectfully showing the Court as follows:

## I.
## ANSWER

1.      With respect to the allegations in paragraph 1 of the Complaint, Defendant admits Plaintiffs filed bankruptcy on December 4, 2013.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in the first sentence. Defendant denies the remaining allegations in this paragraph.

2.      Defendant admits the allegations in paragraph 2 of the Complaint.

3.      Defendant admits the allegations in paragraph 3 of the Complaint.

4.      With respect to the allegations in paragraph 4 of the Complaint Defendant admits solely that it does not presently contest subject matter jurisdiction.

5.      With respect to the allegations in paragraph 5 of the Complaint Defendant admits solely that it does not contest venue in this district.

6.      Paragraph 6 of the Complaint contains no allegations to admit or deny.

7.      Defendant admits the allegations in paragraph 7 of the Complaint.

8.      With respect to the allegations in the first sentence of paragraph 8 of the Complaint Defendant admits Plaintiffs were indebted to the NTTA for unpaid tolls, fees and charges at the time they filed for bankruptcy relief, lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' calculation of the unpaid amount, and denies the remaining allegations in this paragraph.

9.      Defendant admits the allegations in paragraph 9 of the Complaint and affirmatively alleges Plaintiffs failed to provide the NTTA with notice of their chapter 13 case as required by law.

10.     Defendant admits the allegations in paragraph 10 of the Complaint.

11.     Defendant admits the allegations in paragraph 11 of the Complaint and affirmatively alleges Plaintiffs did not serve conversion schedules on the NTTA as required by law.

12.     Defendant admits the allegations in paragraph 12 of the Complaint.

13.     Defendant denies the allegations in the first sentence of paragraph 13 of the Complaint.  With respect to the allegations in the second sentence Defendant admits solely that it sent Exhibit 6 attached to the Complaint to Plaintiff Janice Wood, and states that Exhibit 6 speaks for itself.

14.     Defendant denies the allegations in the first sentence of paragraph 14 of the Complaint.  Defendant denies the allegations in the second sentence of paragraph 14 of the Complaint to the extent such allegations imply that any referral was in violation of the discharge injunction.

15.     With respect to the allegations in paragraph 15 of the Complaint, Defendant admits solely that it sent invoices in January 2014, February 2014, May 2014, July 2014, August 2014, October 2014, and November 2014.  Defendant denies the remaining allegations in the paragraph.

16.     Defendant denies the allegations in paragraph 16 of the Complaint.

17.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 17 of the Complaint.

18.     Defendant denies the allegations in the first two sentences in paragraph 18 of the Complaint.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in the third sentence of this paragraph.

19.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 19 of the Complaint.

20.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 20 of the Complaint.

21.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 21 of the Complaint.

22.     With respect to the allegations in paragraph 22 of the Complaint, Defendant admits solely that Exhibit 9 attached to the Complaint speaks for itself and lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations this paragraph.

23.     With respect to the allegations in paragraph 23 of the Complaint Defendant admits solely that it sent the invoice attached to the Complaint as Exhibit 10.  Defendant denies the remaining allegations in paragraph 23 of the Complaint.

24.     With respect to the allegations in paragraph 24 of the Complaint, Defendant admits solely that it sent the letter attached as Exhibit 11 to the Complaint to Plaintiff Janice Wood and states that the letter speaks for itself.

25.     With respect to the allegations in paragraph 25 of the Complaint Defendant states solely that Exhibit 12 to the Complaint speaks for itself.

26.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 26 of the Complaint.

27.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 27 of the Complaint.

28.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 28 of the Complaint.

29.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 29 of the Complaint.

30.     Defendant denies the allegations in paragraph 30 of the Complaint.

31.     With respect to the allegations in paragraph 31 of the Complaint Defendant admits solely that Plaintiffs' counsel sent a letter to the NTTA attached as Exhibit 14 to the Complaint and that Exhibit 14 speaks for itself.

32.     With respect to the allegations in paragraph 32 of the Complaint Defendant admits solely that it sent a letter to Plaintiffs' counsel attached as Exhibit 15 to the Complaint and that Exhibit 15 speaks for itself.

33.     Defendant denies the allegations in paragraph 33 of the Complaint.

34.     With respect to the allegations in paragraph 34 of the Complaint Defendant admits solely that it sent an invoice to Plaintiffs attached as Exhibit 16 to the Complaint and

denies the remaining allegations in this paragraph.

35.     With respect to the allegations in paragraph 35 of the Complaint Defendant admits solely that it sent an invoice to Plaintiffs attached as Exhibit 17 to the Complaint and denies the remaining allegations in this paragraph.

36.     With respect to the allegations in paragraph 36 of the Complaint Defendant admits solely that it sent the notice attached as Exhibit 18 to the Complaint to Plaintiff Janice Wood and states that Exhibit 18 speaks for itself.

37.     With respect to the allegations in paragraph 37 of the Complaint Defendant admits solely that it received the correspondence attached as Exhibit 19 to the Complaint and states that Exhibit 19 speaks for itself.

38.     Defendant denies the allegations in paragraph 38 of the Complaint.

39.     With respect to the allegations in paragraph 39 of the Complaint Defendant admits solely that it sent the notice attached as Exhibit 20 to the Complaint to Plaintiff Janice Wood and states that Exhibit 20 speaks for itself.

40.     With respect to the allegations in paragraph 40 of the Complaint Defendant admits solely that it received the correspondence attached as Exhibit 21 to the Complaint and states that Exhibit 21 speaks for itself.

41.     The allegations in paragraph 41 of the Complaint are too vague and ambiguous to permit Defendant to frame a response.  To the extent a response is required Defendant admits solely that it has made all proper adjustments to the account relating to license plate number DD6N556 and denies the remaining allegations in this paragraph.

42.     Defendant denies the allegations in paragraph 42 of the Complaint.

43.     Defendant lacks sufficient knowledge or information to form a belief about the

truth of the allegations in paragraph 43 of the Complaint.

44.     Defendant denies the allegations in paragraph 44 of the Complaint.

45.     Defendant denies the allegations in paragraph 45 of the Complaint.

46.     With respect to the allegations in paragraph 46 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

47.     In response to paragraph 47 of the Complaint Defendant realleges and incorporates paragraphs 1 through 46 above.

48.     Defendant denies the allegations in paragraph 48 of the Complaint.

49.     Defendant denies the allegations in paragraph 49 of the Complaint.

50.     Defendant denies the allegations in paragraph 50 of the Complaint.

51.     Defendant denies the allegations in paragraph 51 of the Complaint.

52.     Defendant denies the allegations in paragraph 52 of the Complaint.

53.     Defendant denies the allegations in paragraph 53 of the Complaint.

54.     In response to paragraph 54 of the Complaint Defendant realleges and incorporates paragraphs 1 through 53 above.

55.     The allegations in paragraph 55 of the Complaint reflect legal conclusions, not factual allegations, and therefore, no response is required.  To the extent the allegations require a response, Defendant denies the allegations.

56.     The allegations in paragraph 56 of the Complaint reflect legal conclusions, not factual allegations, and therefore, no response is required.  To the extent the allegations require a response, Defendant denies the allegations.

57.     The allegations in paragraph 57 of the Complaint reflect legal conclusions, not factual allegations, and therefore, no response is required.  To the extent the allegations require a

response, Defendant denies the allegations.

58.    The allegations in paragraph 58 of the Complaint reflect legal conclusions, not factual allegations, and therefore, no response is required.  To the extent the allegations require a response, Defendant denies it has engaged in any conduct in violation of the Texas Debt Collection Act.

59.    Defendant denies the allegations in paragraph 59 of the Complaint.

60.    Defendant denies the allegations in paragraph 60 of the Complaint.

61.    Defendant denies the allegations in paragraph 61 of the Complaint.

62.    In response to the allegations in paragraph 62 of the Complaint Defendant realleges and incorporates paragraphs 1 through 61 above.

63.    Defendant denies the allegations in paragraph 63 of the Complaint.

64.    Defendant denies the allegations in paragraph 64 of the Complaint.

65.    In response to the allegations in paragraph 65 of the Complaint Defendant realleges and incorporates paragraphs 1 through 64 above.

66.    Defendant denies the allegations in paragraph 66 of the Complaint.

67.    Defendant denies it has engaged in the conduct alleged in paragraph 67 of the Complaint and denies that Plaintiffs are entitled to the relief they request.

68.    Defendant denies the allegations in paragraph 68 of the Complaint.

69.    In response to the allegations in paragraph 69 of the Complaint Defendant realleges and incorporates by reference paragraphs 1 through 68 above.

70.    Defendant denies the allegations in paragraph 70 of the Complaint.

71.    Defendant denies the allegations in paragraph 71 of the Complaint.

72.    The allegations in paragraph 72 of the Complaint reflect legal conclusions, not

factual allegations, and therefore, no response is required.  To the extent the allegations require a response, Defendant denies the allegations.

73.     Defendant denies Plaintiffs are entitled to the relief alleged in paragraph 73 of the Complaint.

74.     In response to the allegations in paragraph 74 of the Complaint Defendant realleges and incorporates paragraphs 1 through 73 above.

75.     Defendant denies the allegations in paragraph 75 of the Complaint.

76.     Defendant denies the allegations in paragraph 76 of the Complaint.

77.     Defendant denies the allegations in paragraph 77 of the Complaint.

78.     Defendant denies Plaintiffs are entitled to the relief requested in paragraph 78 of the Complaint.

79.     Except as admitted, qualified, or otherwise pled above Defendant denies each and every matter and thing alleged in the Complaint, including allegations in all headings and captions and the relief sought in the Prayer for Relief.

## II.
## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof, Defendant asserts the following defenses:

80.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

81.     Plaintiffs' claims are barred by reason of Defendant's compliance with applicable contracts, agreements, statutes, and other provisions of law.

82.     Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' lack of actual damages.

83.     Defendant acted in good faith at all times, and Defendant did not knowingly, intentionally, or maliciously violate any laws.

84.     Any injury Plaintiffs alleged suffered was a result of their own conduct.

85.     Plaintiffs' claims are barred by unclean hands, waiver, estoppel (in all its forms), abandonment, acquiescence, ratification, and other applicable concepts of law.

86.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of bona fide error.

87.     Plaintiffs' claims are barred, in whole or in part, by the federal preemption doctrine.

88.     Plaintiffs' recovery of any damages, including punitive damages, is barred to the extent Plaintiffs seek them for an alleged violation of the discharge injunction.

89.     Any claim for punitive or exemplary damages is subject to the limitations and constraints of Due Process found in the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 19 of the Texas Constitution.

90.     Plaintiffs have failed to state a claim for recovery of attorney fees and costs.

91.     Some or all of Plaintiffs' claims are barred by governmental immunity.

92.     Some or all of Plaintiffs' claims are barred by Defendant's authorized use of police and regulatory powers.

93.     Defendant pleads such other affirmative defenses which cannot be anticipated at this time, but which may become apparent and applicable during the pendency of the this lawsuit, by reason of future discovery and by reason of allegations and answers of other parties. Defendant specifically reserves the right to amend or supplement these affirmative defenses at any time.

## **PRAYER**

WHEREFORE, Defendant respectfully requests that Plaintiffs take nothing on their

claims against Defendant, that Defendant be dismissed with prejudice, and that Defendant have all such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

**LOCKE LORD LLP**

*/s/ Nicola M. Shiels*
_____

**Thomas A. Connop**
  State Bar No. 04702500
  tconnop@lockelord.com
**Thomas G. Yoxall**
  State Bar No. 00785304
  tyoxall@lockelord.com
**Nicola M. Shiels**
  State Bar No. 24037489
  nicola.shiels@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-6776
(214) 740-8000
(214) 740-8800 (facsimile)

**ATTORNEYS FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on the 29th day of December 2016, a true and correct copy of the foregoing document was served on Plaintiffs pursuant to the Federal Rules of Civil Procedure.

Theodore O. Bartholow, III
Karen L. Kellett
Caitlyn N. Wells
Megan F. Clontz
KELLETT & BARTHOLOW PLLC
11300 N. Central Expy., Suite 301
Dallas, Texas 75243
*Counsel for Plaintiff*

*/s/ Nicola M. Shiels*
_____
Counsel for Defendant